UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRINNELL SELECT INSURANCE COMPANY, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> BRIA GLODO and LARRY KEOWN, <br><br> Defendants. | Case No. 08-cv-891-JPG |
| LARRY KEOWN, <br><br> Plaintiff, <br><br> v. <br><br> BRIA GLODO and GRINNELL SELECT INSURANCE COMPANY, a corporation, <br><br> Defendants. | Case No. 09-cv-004-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Grinnell Select Insurance Company's (Grinnell) Motion to Realign Parties (Doc. 7) filed in case 09-cv-004-JPG, and on Larry Keown's (Keown) Motion to Dismiss or in the Alternative Stay (Doc. 7) filed in case 08-cv-871-JPG. Keown also filed a Motion for Remand (Doc. 8) in case 08-871, although presumably he intended to have filed that motion in case 09-004, as that is the case number for the removed case.

## **BACKGROUND**

The procedural posture of these two mirror-image cases is a bit confusing, but none of the facts are in dispute. Keown and Brett Glodo (Brett) were involved in an auto collision that

resulted in Keown being seriously injured. At the time of the accident, Brett was driving a pickup truck owned by his father-in-law, Terry Ernsting (Ernsting). Ernsting had allowed his daughter, Bria Glodo (Bria), to use the truck. Bria, in turn, allowed her husband, Brett, to use it. Brett did not have a valid driver's license at the time of the accident. Keown brought an action in tort against Bria, Brett, and Ernsting in the Circuit Court for Jackson County, Illinois (the underlying action). On December 5, 2008, Keown obtained a jury verdict in his favor in the underlying action in the amount of $600,000 against Bria and Brett. The jury found Ernsting was not liable. The jury found that Bria had negligently entrusted her father's vehicle to Brett.

Grinnell had issued an automobile insurance policy on the truck to Ernsting. Grinnell had obtained a declaratory judgment that it had no duty to defend or indemnify Brett, however, Grinnell agreed to defend Bria in the underlying action under a reservation of rights.

After the jury returned its verdict against Bria, on December 17, 2008, Grinnell filed suit against Keown and Bria in case number 08-871 in this Court seeking a declaratory judgment that it has no duty under Ernsting's policy to indemnify Bria nor any duty to Keown, her judgment creditor. Jurisdiction was based on 28 U.S.C. § 1332, because Bria and Keown are both citizens of Illinois and Grinnell is a citizen of Iowa and more that $75,000 is in controversy.

Two days prior to Grinnell's filing, on December 15, 2008, Keown had filed suit against Grinnell and Bria in Jackson County Circuit Court seeking a declaratory judgment that Grinnell owed a duty to indemnify Bria under Ernsting's policy. Grinnell timely removed the Jackson County case to this Court, where it was assigned case number 09-004. Simultaneously with its notice of removal, Grinnell filed the motion to realign parties presently before the Court. The cases are virtual mirror images of one another. In 08-871 Grinnell asks for a declaratory judgment that Bria is not a covered individual under the policy. In 09-004, Keown asks for a

2

declaratory judgment that she is.

The question before the Court is whether Bria's interests are properly aligned with Keown's, thus resulting in complete diversity of citizenship and federal jurisdiction, or whether Bria's interests are properly aligned with Grinnell's, thus destroying complete diversity and federal jurisdiction. Should the Court align Bria with Keown, case numbers 08-891 and 09-004 will be consolidated. Should the Court align Bria with Grinnell, case number 08-891 will be dismissed for lack of jurisdiction and case number 09-004 will be remanded to Jackson County Circuit Court.

In essence, Grinnell contends that the interests of Bria and Keown are identical, that is, to obtain indemnification for Bria from Grinnell in the policy limit of $300,000 so that she may partially satisfy the judgment debt she owes Keown. For his part, Keown contends that his interests are adverse to Bria's because she owes him $600,000 and the policy limit, assuming Grinnell has a duty to pay it, is only $300,000, and that he and Bria have a history of antagonistic interests which culminated in the underlying action.

**ANALYSIS**

"Where jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation. Realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *American Motorists Ins. Co. v. Trane Co.* 657 F.2d 146, 149 (7th Cir.1981) (citing *Indianapolis v. Chase National Bank*, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941)).

Here, there is no question but that Bria's interests align with those of Keown. As the Seventh Circuit has pointed out, "the normal alignment of parties in a suit seeking a declaratory

3

judgment of non-coverage is Insurer versus Insured and Injured Party." *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir.1998). This is so because any finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party. The insured party is relieved of having to pay the judgment out of his own pocket, at least to the extent of the policy limit. At the same time, the injured party is assured that he will be able to collect at least a portion of the judgment owed him. What is true in the usual case, is true here. The singular interest of both Bria and Keown is in obtaining a declaration that Grinnell must pay at least part of the judgment that Bria owes Keown. The fact that the judgment exceeds the policy limits does nothing to diminish this fact, nor to make Bria's interests in the instant case adverse to Keown's. And, while it is true that Bria and Keown had adverse interests in the underlying case, that case has proceeded to judgment, at which point their legal adversity came to an end. Therefore, the Court will realign the parties accordingly.[12]

Keown also contends that even after realignment, diversity jurisdiction is still lacking. Keown points to 28 U.S.C. § 1332(c)(1) which states:

> For the purposes of this section and section 1441 of this title–(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that **in any direct action against the insurer of a policy or contract of liability insurance,**

---

[1] Keown argues forcefully that he did not name Bria as a defendant solely to manipulate jurisdiction. However, just as the Court need not find that a plaintiff committed actual fraud in order to find that a defendant was fraudulently joined, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992), the Court need not find there were improper motives behind the initial alignment of parties before it will proceed to realign parties according to their real interests.

[2] Keown is also mistaken in his claim that Illinois law mandates Bria be named as a party-defendant. The law requires only that she be made a party to the action. *Northland Ins. Co. v. Hawk*, 376 N.E.2d 30, 32 (Ill. App. Ct. 1978). Whether she will be a plaintiff or a defendant will vary according to who brings the action.

4

> **whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1) (emphasis added).

Keown argues that, as this is an action against an insurer (Grinnell), in which the insured, (Ernsting) is not joined as a defendant, Grinnell must be deemed a citizen of the state of which Ernsting is a citizen (Illinois). As both Bria and Keown are also citizens of Illinois, the argument goes, there is no diversity of citizenship, and so the Court does not have diversity jurisdiction over this case. This argument ignores the statutory requirement that the action in question be a "direct action" against the insurer.

Congress added the "direct action" language in 1964 in reaction to a sharp increase in the caseloads of federal courts in Louisiana. *Northbrook Nat'l Ins. Co. v. Brewster*, 493 U.S. 6, 9 (1989). Louisiana had a statute on the books that allowed an injured party to sue the tortfeasor's insurer in the tort action, without joining the tortfeasor as a defendant. *Id.* The result was that federal jurisdiction existed in purely local disputes. *Id.* In response, Congress amended § 1332 to exclude from diversity jurisdiction those cases in which an injured party sued a liability insurer, absent the tortfeasor, on the underlying tort. *Hernandez v. Traveler's Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974) (explaining, "A 'direct action' under section 1332(c)(1) is an action in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.").

Illinois does not have a "direct action" statute. Instead a party suffering injuries or damage for which another is legally responsible must join the insured in the underlying action,

or first obtain a judgment against the insured before proceeding against the insurer. Here, Keown has obtained a judgment against Bria. It is this judgment that gives him standing to bring his declaratory judgment action against Grinnell. Because this declaratory judgment action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1), Grinnell is not deemed to take on the citizenship of Ernsting. Instead, Grinnell is a citizen of Iowa, its state of incorporation and the state in which it has its principal place of business. As Bria and Keown are both citizens of Illinois, after realignment complete diversity of citizenship exists. As there is complete diversity between the parties in this action and more than $75,000 is in controversy, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

Finally, while it is true, as Keown argues, that the Illinois state court would also have jurisdiction over this action (and possibly even that a state action would be more convenient), that alone does not relieve this Court of its obligation to exercise its jurisdiction once that jurisdiction is properly invoked, nor does it impair Grinnell's right to remove the state action to federal court.

## CONCLUSION

The Court **GRANTS** the Motion to Realign Parties (Doc. 7) filed in case 09-cv-004-JPG. The Clerk of Court is **DIRECTED** to terminate Bria Glodo as a defendant and add her as a plaintiff in case number 09-cv-004. The Court **DENIES** the Motion to Dismiss or in the Alternative Stay (Doc. 7) filed in case 08-cv-871-JPG. The Court **DENIES** the Motion for Remand (Doc. 8) filed in case 08-871. The Court hereby **CONSOLIDATES** case numbers 08-

cv-00891-JPG and 09-cv-004-JPG **for all purposes**. **All future filings** are to be made in case

number 08-cv-891-JPG.

**IT IS SO ORDERED.**
**DATED: February 23, 2009**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**